IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKANSAS GAME & FISH COMMISSION,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-381 L<br><br>Judge Charles F. Lettow |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ENLARGEMENT OF FACT DISCOVERY**

On September 27, 2006, Defendant, the United States of America, moved for a 32-day enlargement of unlimited fact discovery. Plaintiff filed a response to the motion on October 5, 2006, agreeing to the enlargement for the purpose of allowing Defendant to depose five fact witnesses who had been previously noticed or subpoenaed, but opposing unlimited fact discovery.

At the time Defendant moved for the enlargement of fact discovery, it was in the process of taking fact-witness depositions in Little Rock, Arkansas. The impetus for Defendant's request was the unavailability of Plaintiff's counsel to defend all of the fact-witness depositions that Defendant noticed or subpoenaed. At the time Defendant moved for an enlargement of unlimited fact discovery, it was uncertain what additional avenues of inquiry would emerge during those depositions that Defendant would require additional time to pursue. However, Defendant no longer requests unlimited fact discovery at this time.

On October 11, 2006, Defendant served a Rule 34 Notice on Plaintiff, requesting to install approximately seven to ten water-level gages on Plaintiff's Dave Donaldson-Black River Wildlife Management Area ("WMA"). Defendant had previously made this request by telephone on September 22, 2006, and then by letter dated September 25, 2006. Plaintiff denied this request by letter dated October 5, 2006, stating that the installation of water-level gages constitutes fact discovery, and that fact discovery is closed. However, Defendant's request to install water-level gages on the WMA, which will be used by its experts to conduct tests and measurements, falls squarely within the scope of expert discovery. On October 11, 2006, Defendant formally renewed its request by serving the Rule 34 Notice.

Defendant will be filing a motion to compel access to the WMA for testing and measurement pursuant to Rule 37. If the Court determines that such testing and measuring is not expert discovery, then Defendant may seek a greater enlargement of fact discovery to permit the installation of the water-level gages.

Accordingly, Defendant respectfully requests that the Court grant its motion to enlarge fact discovery until November 3, 2006 for the limited purpose of allowing Defendant to depose the five fact witnesses it had previously noticed or subpoenaed.

Dated: October 16, 2006

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/ HelenAnne Listerman
HELENANNE LISTERMAN
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044
(202) 305-0239

Of Counsel:

Jennifer Dalton
United States Corps of Engineers
Little Rock District
Office of Counsel