# Exhibit D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED
JUL 8 2005
U.S. COURT OF FEDERAL CLAIMS

**ARKANSAS GAME & FISH COMMISSION**, Plaintiff

v.

**UNITED STATES OF AMERICA**, Defendant.

**No. 05-381 L**

**Judge Charles F. Lettow**

'05 JUL 11 P5:04
DEPT. OF JUSTICE - ENRD
ENVIRONMENT DIVISION

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, Arkansas Game & Fish Commission, and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A.

A. JURISDICTION

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim for a Fifth Amendment taking. However, Defendant believes that Plaintiff's request for injunctive relief and allegations in the Complaint which sound in tort are beyond the jurisdiction of this Court.[1] Defendant also believes that this Court lacks jurisdiction over some or all of Plaintiff's claims which are barred by the statute of limitations, 28 U.S.C. § 2501.

Plaintiff asserts that this is a Fifth Amendment takings case, and Plaintiff's complaint

1/ Defendant moved to dismiss Plaintiff's claim for injunctive relief on May 17, 2005. Plaintiff opposed the motion on June 2, 2005.

contains no tort claims. Plaintiff asserts further that the statute of limitations is an affirmative defense and does not raise a jurisdictional issue.

B. CONSOLIDATION

The parties agree that this case need not be consolidated with any other case.

C. BIFURCATION

Plaintiff does not believe that this case should be bifurcated. The primary claim in this Fifth Amendment takings case is the taking of timber by flooding. If fact issues remain at trial about liability, proof will require fact-intensive testimony from numerous employees of Plaintiff and the U.S. Army Corps of Engineers. Proof of liability also will involve extensive expert testimony about hydrology, flooding, and timber mortality. The liability testimony would be intertwined with the necessary testimony on damages. Contrary to Defendants' position, a bifurcation of the trial would multiply the costs in this case and hinder judicial efficiency and economy.

Defendant believes that this case should be bifurcated, with liability being tried first, and just compensation being tried thereafter only if liability is found. Defendant asserts that it has numerous defenses to liability, including whether actions taken by the Defendant caused the alleged taking, or whether it was caused by other factors beyond the control of the United States, such as Plaintiff's poor drainage system, beaver infestation, or natural weather patterns. Defendant also asserts that although Plaintiff has alleged a taking of its timber, Plaintiff has failed to identify the quantity of timber that it alleges has been taken by Defendant. Defendant asserts it will be far more efficient to prepare and litigate the valuation phase of the case once it has been clearly established the extent of timber, if any, that has been taken by Defendant. Absent this information, it would be impossible for an expert witness to offer an opinion on the

amount of just compensation, if any, that would be due to Plaintiff.

D. DEFFERAL OF PROCEEDINGS

The parties agree that the proceedings should not be deferred pending consideration of another case before this Court.

E. REMAND OR SUSPENSION

The Parties will not seek remand or suspension.

F. ADDITIONAL PARTIES

The Parties do not intend to seek to join any additional parties.

G. MOTIONS

Plaintiff reserves its right to file a dispositive motion at the appropriate time.

Defendant states that on May 17, 2005, it filed a motion to dismiss Paragraphs 36-38 of Plaintiff's Complaint for lack of jurisdiction over Plaintiff's request for injunctive relief. Plaintiff opposed the motion on or about June 2, 2005 and Defendant filed its reply in support of its motion to partially dismiss the Complaint on June 17, 2005. Defendant is considering filing a dispositive motion for lack of subject matter jurisdiction on the basis that Plaintiff's claims are time-barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501. Defendant intends to review the documents provided by Plaintiff as part of Plaintiff's Initial Disclosures and will evaluate whether a dispositive motion can be filed at that time, or whether additional discovery will be needed. Defendant reserves its right to file a dispositive motion at the appropriate time.

H. RELEVANT FACTUAL AND LEGAL ISSUES

Plaintiff states:

(1) Factual issues primarily will relate to the magnitude of damages including the

timing, volume, and basis for water releases by the Corps of Engineers, acreage of timber killed, acreage of timber degraded, market value of dead and damaged timber, and all other elements of property damage.

(2) The cause-and-effect relationships between the Corps' water releases, flooding of plaintiffs' property, and timber loss are expected to be disputed fact issues.

Defendant states:

(1) When did Plaintiff's takings claim against the United States accrue (i.e., what is the date of the alleged taking), and are Plaintiff's claims barred by the applicable six-year statute of limitations, 28 U.S.C. § 2501?

(2) If Plaintiff's claims are not time-barred, have the actions of the United States, acting through the United States Corps of Engineers, resulted in a taking of a compensable property interest?

(4) If the Court determines that there has been a taking of Plaintiff's property interest, what is the just compensation due for such taking?

(5) Does the Court have jurisdiction over Plaintiff's request for injunctive relief? (Defendant notes that this issue presently is being addressed in Defendant's pending motion to partially dismiss the complaint).

I. SETTLEMENT / ADR

On May 27, 2005, the parties participated in the Early Meeting of Counsel contemplated by Appendix A of the Court of Federal Claims' Rules. During the Early Meeting of Counsel, the parties discussed the likelihood of settlement and/or ADR. Plaintiff believes that an early consideration of ADR would be appropriate. Once the parties exchange initial disclosures, Plaintiff proposes that the parties identify additional information, if any, necessary for an early

neutral evaluation or mediation. Plaintiff believes such dialogue has the potential to avoid needless litigation and expense.

Although Defendant is open to discussing the possibility of ADR, Defendant believes it is premature to make a decision regarding ADR at this early stage of the litigation. The parties have agreed to keep an open line of communication regarding settlement and/or ADR, and will revisit the subject again after the parties exchange some initial discovery.

J. TRIAL

The parties believe it is premature at this time to determine whether the case will proceed to trial. The parties do not request an expedited trial schedule. Plaintiff requests that any potential trial should be located in Little Rock, Arkansas. Plaintiff states that all or most of the witnesses and documents are located in Arkansas, and the damaged property is in Arkansas.

K. ELECTRONIC CASE MANAGEMENT

The parties are not aware of any special issues regarding electronic case management needs at this time.

L. OTHER INFORMATION

The parties are not aware of any other information of which the court should be aware of at this time.

M. DISCOVERY PLAN

1. The parties have agreed to exchange Rule 26 Initial Disclosures by July 29, 2005.

2. Propound initial written discovery by August 31, 2005

3. Exchange initial written discovery responses by September 30, 2005

4. Tentative close of fact discovery by April 30, 2006

5. The parties request the scheduling of a Status Conference prior to April 30, 2006, to

discuss whether discovery can be completed by the April 30' 2006 tentative close of fact discovery deadline, and to discuss further proceedings in this case.

DATED: July 8, 2005

(by Kathleen Doster w/ assent of Mr. Perkins)

G. Alan Perkins
G. Alan Perkins
Perkins & Trotter, PLLC
P.O. Box 251618
Little Rock, AR 72225-1618
(501) 603-9000 (phone)
aperkins@perkinstrotter.com

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

Kathleen Doster
Kathleen L. Doster
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0481 (phone)
Kathleen.Doster@usdoj.gov

Of Counsel

Julie Greathouse
PERKINS & TROTTER, PLLC
Post Office Box 251618
Little Rock, Arkansas 72225-1618
Telephone: (501) 603-9000
Telefax: (501) 603-0556

James F. Goodhart
Robert K. Jackson
ARKANSAS GAME & FISH COMMISSION
#2 Natural Resources Drive
Little Rock, AR 72205
Telephone: (501) 223-6327
Telefax: (501) 223-6463

*ATTORNEYS FOR PLAINTIFF*
ARKANSAS GAME & FISH COMMISSION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **Joint Preliminary Status Report** was served by first class mail, postage pre-paid, on this 8th day of July, 2005, to the following:

G. Alan Perkins
Julie Greathouse
PERKINS & TROTTER, PLLC
P.O. Box 251618
Little Rock, Arkansas 72225-1618

James F. Goodhart
Robert K. Jackson
ARKANSAS GAME & FISH COMMISSION
#2 Natural Resources Drive
Little Rock, Arkansas 72205

FELECIA A. LESESNE