IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKANSAS GAME & FISH COMMISSION, Plaintiff | ) | No. 05-381 L |
| v. | ) | Judge Charles F. Lettow |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**JOINT STATUS REPORT**

Plaintiff, Arkansas Game & Fish Commission, and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Status Report pursuant to the Court's order dated August 2, 2006.

A. PENDING MOTIONS

Two motions are pending before the Court: (1) Defendant's Motion for Enlargement of Fact Discovery, and (2) Defendant's Motion to Compel Testing and Measuring on the Dave Donaldson-Black River Wildlife Management Area and Request for Expedited Review ("Defendant's Motion to Compel").

1. Plaintiff's Position

The substance of Defendant's Motion for Enlargement of Fact Discovery and Plaintiff's Response are addressed in more detail under heading C below. In Defendant's Reply brief, it withdrew its request for unlimited fact discovery and the parties have agreed to the previously noticed and subpoenaed depositions. Those depositions are currently scheduled during the month of October. Given Defendant's withdrawal of the portion of its Motion to which Plaintiff

objected, there is no contested issue remaining which would require a ruling from the Court. Therefore, Defendant's Motion for Enlargement of Fact Discovery should not impact future proceedings in this case.

Also pending is Defendant's Motion to Compel Testing and Measuring on the Dave Donaldson-Black River Wildlife Management Area and Request for Expedited Review. The Court ordered Plaintiff to file a response by October 23, 2006, and scheduled a telephonic hearing on the motion for October 24, 2006. Plaintiff will file its response by October 23, 2006, opposing the testing and measuring proposed by Defendant in its Motion to Compel for the following reasons: (1) the collection of water gauge information is fact discovery and fact discovery has ended; (2) Defendant's delayed request to install the gauges and collect information as a result of that installation will cause undue delay for the remaining portions of the case. Plaintiff's proposed schedule evidences the delay that will result if the installation and collection of data is allowed.

2. Defendant's Position

Because Defendant's Motion to Compel is instrumental in determining how this case may proceed, Defendant believes that it should be resolved prior to establishing a schedule for further proceedings in the case.

B. BIFURCATION

1. Plaintiff's Position

Defendant raised the issue of bifurcation in the Joint Preliminary Status Report submitted on July 8, 2005. Plaintiff opposed bifurcation. The Court heard arguments of counsel on this issue during the September 20, 2005 telephonic conference and determined that bifurcation

would not be ordered for this case and denied Defendant's request for bifurcation.[1] Defendant has not filed a motion on the issue of bifurcation, and there is no issue of bifurcation before the Court at this time.

2. Defendant's Position

In their Joint Preliminary Status Report ("JPSR"), the parties addressed the issue of bifurcation. As was stated in the JPSR, Defendant believes that this case should be bifurcated, with liability being addressed first, and damages being addressed thereafter only if liability is found. In the JPSR, the parties put forth a schedule for fact discovery only. The Court adopted this schedule in its order of September 21, 2005. In that order, which followed the September 20, 2005 hearing, the Court did not address bifurcation. Kathleen Doster, previous counsel for the United States, does not recall that bifurcation was addressed or ruled upon during that hearing. Defendant has ordered the transcript of the September 20, 2005 hearing, and should receive it by October 27, 2006. Defendant believes that it will be far more efficient to prepare and litigate the valuation phase of the case once it has been clearly established what property, if any, has been taken by Defendant.

C. DISCOVERY

The original fact discovery deadline in this case was May 1, 2006. The Court granted two extensions (to September 1, 2006 and to October 2, 2006) of fact discovery upon joint motions of the parties. The current close of fact discovery was October 2, 2006. Defendant filed a Motion for Enlargement of Fact Discovery on September 27, 2006, requesting an unlimited 32-

[1] Plaintiff does not have a copy of the trial transcript but recollects the Court's ruling on this issue. Plaintiff has ordered the transcript of the September 20, 2005 telephonic hearing and should receive a copy of said transcript in approximately thirty days.

day enlargement of fact discovery so that previously noticed or subpoenaed fact witnesses, who were unavailable at the noticed dates and times due to scheduling conflicts, could be deposed. Plaintiff filed a response on October 5, 2006, agreeing to a limited number of previously noticed or subpoenaed depositions but opposing unlimited fact discovery. Defendant filed its reply on October 16, 2006, providing that it no longer requested unlimited fact discovery at that time.

During the fact discovery period, the parties have exchanged several thousand pages of documents pursuant to multiple discovery requests. Plaintiff has taken ten (10) fact depositions, and Defendant has taken nine (9) fact depositions. After the completion of the fact depositions that have been previously noticed or subpoenaed, Defendant will have taken thirteen (13) depositions in total. The parties stipulated that more than ten (10) depositions could be taken, pursuant to Rule 30(a)(2)(A) of the Rules of the Court of Federal Claims. The parties anticipate that expert depositions will also be taken in the case. See Part D.

On October 17, 2006, Defendant filed a Motion to Compel Testing and Measuring on the Dave Donaldson-Black River Wildlife Management Area and Request for Expedited Review. The Court ordered Plaintiff to file a response by October 23, 2006, and scheduled a telephonic hearing on the motion for October 24, 2006.

## D. DISCOVERY PLAN

### 1. Plaintiff's Position

Plaintiff proposes the following deadlines for expert discovery:

| | |
|---|---|
| Mutual Exchange of expert reports | December 29, 2006 |
| Close of expert discovery | March 30, 2007 |

Plaintiff respectfully requests a dispositive motion deadline of May 31, 2007, and a trial date during late summer or early fall after August 1, 2007. Upon the setting of a trial date, Plaintiff requests that the Court set appropriate deadlines for mutual exchange of witness and exhibit lists and the filing of pre-trial motions.

2. Defendant's Position

If the Court grants Defendant's Motion to Compel, finding that the installation of water-level gages by Defendant's experts constitute expert discovery, then Defendant proposes the following expert discovery schedule.

| | |
|---|---|
| Plaintiff shall disclose its expert witnesses' identities by[2]: | February 2, 2007 |
| Plaintiff shall disclose its expert witnesses' reports involving liability by: | March 2, 2007 |
| Plaintiff shall make its expert witnesses available for depositions by: | April 13, 2007 |
| Defendant shall disclose its expert witnesses' identities by[3]: | April 27, 2007 |
| Defendant shall disclose its expert witnesses' reports involving liability by: | May 25, 2007 |
| Defendant shall make its expert witnesses available for depositions by: | July 6, 2007 |
| The parties shall file dispositive motions involving liability, if applicable, by: | August 15, 2007 |

[2]During fact discovery, the parties agreed to exchange their respective expert witnesses' names, which occurred on September 6, 2006. At that time, both parties indicated that additional experts may be retained after the initial exchange. Thus, Defendant proposes that the names of Plaintiff's expert witnesses be exchanged on February 2, 2007.

[3]During fact discovery, the parties agreed to exchange their respective expert witnesses' names, which occurred on September 6, 2006. At that time, both parties indicated that additional experts may be retained after the initial exchange. Thus, Defendant proposes that the names of Defendant's expert witnesses be exchanged on April 27, 2007.

After the Court rules on any dispositive motions involving liability, Defendant suggests that the parties propose a schedule for further proceedings in the case, if necessary.

If the Court denies Defendant's Motion to Compel, finding that the installation of water-level gages by Defendant's experts constitute fact discovery, then Defendant may move to enlarge fact discovery.

E. SETTLEMENT/ADR

At the request of Plaintiff and by agreement of Defendant, the parties participated in a settlement conference on September 12, 2006, where, in part, the parties discussed the viability of alternative dispute resolution. Defendant communicated that it did not have adequate information, since, at that time, fact discovery was ongoing and expert discovery had not been scheduled, to evaluate the potential for settlement.

This motion was jointly prepared by counsel for the parties. Counsel for Defendant has authorized the undersigned to file this Joint Status Report on behalf of both parties.

DATED: October 20, 2006

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

/s/ Julie D. Greathouse
Julie D. Greathouse
Perkins & Trotter, PLLC
P.O. Box 251618
Little Rock, AK 72225
(501) 603-9000 (phone)
jgreathouse@perkinstrotter.com
Of Counsel:
James F. Goodhart
G. Alan Perkins

/s/ HelenAnne Listerman
HelenAnne Listerman
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0239 (phone)
HelenAnne.Listerman@usdoj.gov