IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKANSAS GAME & FISH COMMISSION<br>Plaintiff | ) | No. 05-381 L |
| v. | ) | Judge Charles F. Lettow |
| UNITED STATES OF AMERICA<br>Defendant. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

**GENERAL INSTRUCTIONS**

1. These discovery requests call for all relevant information (including information contained in or on writings, recordings, photographs or any other material) known or available to Plaintiff, including all information in the possession of Plaintiff's attorneys, consultants, accountants, auditors, appraisers, or other professional persons or experts, or investigators, or any other person acting on behalf of or under the direction or control of Plaintiff or Plaintiff's attorney.

2. These discovery requests shall constitute a continuing request for information so as to require responses to be supplemented as to (1) identity and location of persons having knowledge of these matters; (2) identity, subject matter and testimony of experts who may be called as witnesses at trial or otherwise relied upon by plaintiff; (3) identity of facts, documents and other information or materials relating to these matters; (4)



EXHIBIT
tabbies
1

responses that were incorrect or incomplete when made; and (5) responses that have been rendered incorrect or incomplete by subsequent developments.

3. A request for the identification and description of a document shall be deemed to include a request for the following information with respect to that document:

a. The title of the document with sufficient particularity to enable the same to be identified;

b. The nature of the document (e.g., contract, letter, etc.);

c. The date of the document;

d. The date the document was executed, if different from the date it bears;

e. The identification, in the manner described in paragraph 9 below, of each person or entity to whom the document is addressed or to whom copies were sent;

f. The identification of each person who signed the document or over whose name it was issued;

g. Any file number or other identifying information used in connection with the document;

h. The physical description of the document, including the number of pages;

i. The present location of the original of the document;

j. The identification of all persons having possession, custody, or control of the original of the document;

k. The location of copies of the document; and

l. The identification of any and all person(s) who have possession or control of copies of the document.

m. All of the above sub-parts except i, j, k, and l may be satisfied by attaching a legible copy of the document to your answer hereto, and labeling each such copy with the number of each interrogatory to which it is responsive.

4. A request for the identification and description of an oral communication shall be deemed to include a request for the following information with respect to that oral communication:

a. The identification of each person who participated in or heard any part of said communications;

b. The date of the communication;

c. The medium used for such communication (e.g., in person, by telephone, etc.);

d. The substance of what was said by each person participating in the communication; and

e. The identification of each document which records, summarizes, confirms or in any manner refers to the communication.

5. A request for the identification of a person or entity shall be deemed to include a request for the following information with respect to that person or entity:

a. The person or entity's full name;

b. The person or entity's address (business or residence);

c. The person or entity's telephone number (business or residence);

d. The person's present employer and occupation or business; and

e. The person's employer and occupation or business on the date on which the facts or transactions referred to occurred and the capacity in which he or she was then serving.

6. A request to state all facts upon which a response to an interrogatory is based includes a request to:

a. Identify each fact, circumstance, event, or information upon which you base that response;

b. Identify and describe each document upon which you base that response;

c. Identify and describe each and every oral communication upon which you rely in support of your response;

d. Identify each person whom you believe has any knowledge of any of such facts, circumstances, events, information or documents; and

e. State if you rely upon no document or oral communications in support of your response, or if no persons have knowledge of any of the facts, circumstances, events, information, documents or oral communications involved therein.

7. If you do not answer any interrogatory or part thereof on the basis of a privilege, state the privilege you are asserting and all facts which support your

assertion of the privilege, including: For a conversation, the date and place of the conversation; and for a document, the date of the document, who prepared it, to whom it was distributed, the type of document, and the subject matter of the document.

8. If you cannot answer an interrogatory completely, please answer those parts you are able to answer and designate those parts you cannot completely answer and the reason why you cannot so answer.

**DEFINITIONS**

1. "Defendant" means Defendant United States of America, each department or Bureau thereof, and present or former officers, agents, employees, consultants, representatives and attorneys thereof.
2. "Corps" means the United States Corps of Engineers.
3. "Plaintiff" or "AGFC" means Plaintiff Arkansas Game and Fish Commission and present or former officers, agents, employees, consultants, representatives and attorneys thereof.
4. "You" or "Your" means Plaintiff Arkansas Game and Fish Commission and present or former officers, agents, employees, consultants, or representatives of Plainitff.
5. "Person" refers to the plural as well as in the singular, and refers to any natural person, firm, association, partnership, municipality, corporation, governmental entity, or any other entity, including all representatives of any such person.
6. "Document" is used in the broadest sense of that term, and includes, but is not limited to, any printed, typewritten, or handwritten matter, including without limitation, letters,

memoranda, telegrams, cables, facsimiles, reports, charts, business records, personal records, maps, pamphlets, handwritten notes, minutes of meetings, notes of meetings or conversations, catalogues, written agreements, and any carbon or photostatic copies of such material if plaintiffs do not have control or possession of the original. "Document" also includes any "writing" as that term is defined in Rule 1001(1) of the Federal Rules of Evidence. "Document" also includes information stored by a computer or on a computer disk, or other form of computer memory storage, as well as any electronic recording, tape recording, photograph, video, film, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind. "Document" also includes any and all amendments or supplements to any of the foregoing, whether prepared by Plaintiff or any other person.

7. The term "identify" means with respect to an individual, providing the persons name, job title, place of employment, last known address and telephone number. With respect to a document, the terms means providing the date the document was created, the author(s) of the document, the recipient(s) of the document, and the location where the document is stored or located.

8. The terms "relate to" and "relating to" shall be construed in their broadest sense to require information or documents that constitute, concern, pertain to, mention, discuss, evidence, establish, describe, refer to (directly or indirectly), reflect, comment upon, tend to support or refute a legal contention, or summarize the subject of the request for documents.

9. The terms "any" or "each" should be understood to include and encompass "all", "or" should be understood to include and encompass "and"; and "and" should be understood

to encompass "or."

10. "WMA" means the Dave Donaldson/Black River Wildlife Management Area.

11. "Water Control Plan" means the Clearwater Lake Water Control Plan, including any amendments.

## FIRST SET OF INTERROGATORIES

**Interrogatory 1:**

Please identify all persons having information used to respond to any of these interrogatories, specifying the interrogatory(ies) for which such persons provided information.

**Response:**

**Interrogatory 2:**

Please identify the property right(s) and the scope of the property right(s) you allege has been taken by Defendant. By way of example, if you allege that Plaintiff has a property right in timber on the WMA and that timber has allegedly been taken by Defendant, please identify the date when Plaintiff acquired a property interest in the timber, the exact area on the WMA where the timber has been allegedly taken and the amount of timber that has been allegedly taken by Defendant.

**Response:**

**Interrogatory 3:**

Please state the date(s) on which your property was allegedly taken, the period and duration of the alleged taking, whether you are claiming a permanent or temporary taking, and state with particularity all actions allegedly taken by defendant upon which you base your takings claim, the date such actions were taken, and every relevant fact on which your contention is based.

**Response:**

**Interrogatory 4:**

Please describe in detail any standard procedures implemented by Plaintiff for cutting and/or selling trees on the WMA from 1957 to the present. If you cut and/or sold trees from 1957 to the present, please state the number of trees cut, the number of trees sold, identify the person who the bought the trees, and the price paid for the trees, for each year from 1957 to the present.

**Response:**

**Interrogatory 5:**

Please identify all water control structures installed on the WMA from 1957 to the present,

including the date the water control structure was installed, whether the water control structure is still functioning on the WMA, whether the water control structure has ever been repaired or replaced and if yes, the date of the repair and/or replacement and a description of the repair and/or replacement.

**Response:**

**Interrogatory 6:**

Please describe all standard procedures implemented by you for flooding the WMA from 1957 to the present, including identifying the specific area(s) of the WMA that are flooded, the purpose(s) of the flooding, and the duration of the flooding.

**Response:**

**Interrogatory 7:**

Please identify all studies, historical data and/or documentation regarding tree mortality on the WMA from 1957 to the present. For all studies, historical data and/or documentation, please identify the number or percentage of trees that have died or were in decline for each year from 1957 to the present. Please include in your response, but do not limit your response, to all facts and documents which support your allegation in Paragraph 21 of your Complaint that in the mid-1980s and early 1990s timber mortality was averaging only 1 to 2%.

**Response:**

**Interrogatory 8:**

(A) Please identify the number of beavers observed, trapped, and/or killed on the WMA for each year from 1957 to the present;

(B) Please identify the number of beaver dams and beaver obstructions (including at culverts and outflow points) that were observed and/or removed in the WMA for each year from 1957 to the present.

**Response:**

**Interrogatory 9:**

Please identify all facts and documents which support your allegations in Paragraph 14 of the Complaint.

**Response:**

**Interrogatory 10:**

Please identify all facts and documents which support your allegations in Paragraph 16 of the Complaint.

**Response:**

**Interrogatory 11:**

For each year from 1980 to the present, please state the date(s) you contend the WMA was drained of water after flooding pursuant to the Corps' Water Control Plan and state the date(s) when you flooded parts of the WMA for duck hunting or for any other reason for each year from 1980 to the present.

**Response:**

**Interrogatory 12:**

Please identify all facts and documents which support your allegations in Paragraph 18 of the Complaint, including but not limited to your statement that the "United States Fish and Wildlife Service also provided comments to the Corps, concurring with the AGFC."

**Response:**

**Interrogatory 13:**

Do you contend that you have the authority to sell timber commercially? Why or why not?

**Response:**

**Interrogatory 14:**

Do you contend that statements made by you in or around 2001 that timber loss on the WMA could be reversed if the Corps returned to the original water control plan for Clearwater Lake is accurate? (See US0003, US01260) Why or why not?

**Response:**

**Interrogatory 15:**

Please state whether you have ever received income from, or whether you are engaged in a business or other endeavor for profit on, or with respect to, the WMA, and state the income and expenses generated therefrom, and identify any documents which evidence such income and/or business activities.

**Response:**

## FIRST SET OF DOCUMENT REQUESTS

1. All documents relating to tree mortality on the WMA from 1957 to the present.
2. All documents relating to stand growth and evolution, hydrology, and history of the WMA. (AGFC1578)
3. The Black River Wildlife Management Area Master Plan (including amendments or previous versions).

4. The Compartment summary, 1991 inventory of Gar Slough Area on Dave Donaldson / Black River WMA (AGFC 1991)

5. All documents relating to inventories of forested stands on the WMA.

6. All documents relating to title and/or ownership of the WMA.

7. All documents relating to Kingwood Forestry Services, Inc.'s work regarding resource evaluation at the WMA and/or appraisals.

8. All documents relating to the authority of AGFC to sell timber commercially.

9. All documents relating to the Corps' Water Control Plan, including all documents relating to deviations from the Water Control Plan.

10. All documents relating to timber sales from the WMA from 1957 to the present.

11. All documents relating to timber sales from Shirey Bay Wildlife Management Area.

12. All documents relating to appraisals of the WMA.

13. All documents relating to public workshops regarding flooding along the Black River and/or the Water Control Plan.

14. All documents relating to the Clearwater Lake/Black River Committee.

15. All documents relating to any Environmental Assessments for the Clearwater Lake Water Control Plan.

16. All documents relating to requests for deviations from the WCP by Plaintiff from 1957 to the present.

17. All documents relating to water control structures on the WCP (including but not limited to levees, stop-log structures, siphons and gates), including repairs and replacements from 1957 to the present.

18. All documents relating to flooding on the WMA.

19. All documents relating to an ice storm in the area of the WMA in the 1980s.

20. All documents relating to beavers on the WMA.

21. All documents relating to your calculation of just compensation.

Dated: August 31, 2005

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division

Kathleen Doster

KATHLEEN DOSTER
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20005
(202) 305-0481

Of Counsel:

Ralph Allen
United States Corps of Engineers
Little Rock District
Office of Counsel

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **First Set of Interrogatories and Document Requests** was served by electronic mail and first class mail, postage pre-paid, on this 31st day of August, 2005, to the following:

G. Alan Perkins
PERKINS & TROTTER, PLLC
PO Box 251618
Little Rock, Arkansas 72225-1618

James F. Goodhart
ARKANSAS GAME & FISH COMMISSION
#2 Natural Resources Drive
Little Rock, Arkansas 72205

FELECIA A. LESESNE