IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKANSAS GAME & FISH COMMISSION, Plaintiff, | ) | No. 05-381 L |
| v. | ) | Judge Charles F. Lettow |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**AMENDED NOTICE OF INSTALLATION OF WATER-LEVEL GAGES ON THE DAVE DONALDSON-BLACK RIVER WILDLIFE MANAGEMENT AREA**

Defendant, the United States of America, through its undersigned counsel, hereby files this Amended Notice of Installation of Water-Level Gages on the Dave Donaldson-Black River Wildlife Management Area ("WMA"). Defendant's experts installed ten (10) water-level gages on the WMA and one (1) barometric reference gage on property outside of the WMA (which is not owned by Plaintiff) on November 6 and 7, 2006. Exhibit A is a map of the WMA depicting the ten locations of the water-level gages and the one location of the barometric reference gage. Exhibit B is a chart listing the Global Positioning System ("GPS") location of each water-level gage and the barometric reference gage on the WMA. These exhibits are identical to the ones attached to Defendant's Notice of Installation of Water-Level Gages on the Dave Donaldson-Black River Wildlife Management Area (doc. no. 33).

Due to wet conditions on the WMA (including rainfall prior to and during installation of the gages), Defendant's experts were unable to reach one area of the WMA known as Gar Slough. Plaintiff has alleged substantial tree death in this area. Defendant's experts can install a

water-level gage in this inundated area with the appropriate equipment. Accordingly, Defendant's experts would like to remove the water-level gage installed at Schaeffer's Eddy Landing and place that gage in Gar Slough.

Due to the inundated conditions in Gar Slough during their November visit to the WMA, Defendant's experts placed one of the water-level gages in the Black River at a location known as Schaeffer's Eddy Landing. See Ex. A. Schaeffer's Eddy Landing was the closest point Defendant's experts could reach to Gar Slough with the equipment they had during that visit; therefore, Defendant's experts placed a water-level gage in the Black River at Schaeffer's Eddy Landing as an alternative.

With proper notice to Plaintiff, Defendant would like its experts to return to the WMA at the earliest possible time – and at a time that is convenient for Plaintiff – to remove the water-level gage currently located in the Black River at Schaeffer's Eddy Landing and place it in the Gar Slough area. Removal of the water-level gage at Schaeffer's Eddy Landing will not thwart any efforts by Defendant's experts to conduct testing and measuring on the WMA. As previously indicated, Defendant's experts placed the water-level gage at Schaeffer's Eddy Landing because it was the closest point they could reach to Gar Slough during their visit to the WMA. While the water-level gage in Schaeffer's Eddy Landing would provide adequate data, placement of a water-level gage in Gar Slough would yield even better data.

Once Defendant's experts have removed the water-level gage at Schaeffer's Eddy Landing and have placed that gage in Gar Slough, Defendant will file with the Court, and provide to Plaintiff, an updated map of the WMA and GPS chart.

Dated: November 17, 2006

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/ HelenAnne Listerman
HELENANNE LISTERMAN
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044
(202) 305-0239

Of Counsel:
Jennifer Dalton
United States Corps of Engineers
Little Rock District
Office of Counsel