IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARKANSAS GAME & FISH COMMISSION, Plaintiff, | ) | No. 05-381 L |
| v. | ) | Judge Charles F. Lettow |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**MOTION TO REQUEST PERMISSION TO MOVE ONE WATER-LEVEL GAGE ON THE DAVE DONALDSON-BLACK RIVER WILDLIFE MANAGEMENT AREA**

Defendant, the United States of America, through its undersigned counsel, hereby files this Motion to Request Permission to Move One Water-Level Gage on the Dave Donaldson-Black River Wildlife Management Area ("WMA"). After the Court granted Defendant's Motion to Compel on October 24, 2006, Defendant's experts installed ten (10) water-level gages on the WMA and one (1) barometric reference gage on property outside of the WMA (which is not owned by Plaintiff) on November 6 and 7, 2006. See Def's Notice of Installation of Water-Level Gages on the Dave Donaldson-Black River Wildlife Management Area (doc. no. 33); Def's Amended Notice of Installation of Water-Level Gages on the Dave Donaldson-Black River Wildlife Management Area (doc. no. 36); see also Map of Gage Locations, Ex. A. One of Plaintiff's employees and one of Plaintiff's experts accompanied Defendant's experts during the installation of the water-level gages.

Due to wet conditions on the WMA, including rainfall prior to and during installation of the gages, Defendant's experts were unable to reach one area of the WMA known as Gar Slough.

See Decl. of Dr. Wade L. Nutter ("Nutter Decl.") ¶ 2, Ex. B. Instead, Defendant's experts placed one of the water-level gages at the edge of the Black River at a location known as Schaeffer's Eddy Landing. Id. at ¶ 3; see Map of Gage Locations, Ex. A. Schaeffer's Eddy Landing was the closest point Defendant's experts could reach to Gar Slough with the equipment they had during that visit. Nutter Decl. at ¶ 3, Ex. B. Defendant's experts can install a water-level gage in Gar Slough with the appropriate equipment. Id. at ¶ 6. Accordingly, Defendant moves the Court to allow Defendant's experts to remove the water-level gage installed at Schaeffer's Eddy Landing and place that gage in Gar Slough.

With proper notice to Plaintiff, Defendant would like its experts to return to the WMA at the earliest possible time – and at a time that is convenient for Plaintiff – to complete this work. Removal of the water-level gage at Schaeffer's Eddy Landing will not thwart any efforts by Defendant's experts to conduct testing and measuring on the WMA. Id. at ¶ 4.

Although Defendant had intended for all the water-level gages to be installed on November 6, and 7, 2006, unforeseen circumstances prohibited Defendant's experts from installing a water-level gage in Gar Slough. Id. at ¶¶ 2, 5. Knowing that the WMA was covered by water in certain areas, Defendant's experts took reasonable and appropriate steps to prepare for the installation of ten water-level gages. Id. at ¶ 5. In fact, Defendant's experts were able to install nine water-level gages in areas inundated with approximately two to three feet of water. Id. Moreover, Defendant's experts attempted to reach Gar Slough through various means – by foot, boat, and truck – but were unable to reach the area. Id. at ¶ 2. Placement of the gage at Gar Slough will improve the overall quality to the data, which is critical given that Plaintiffs allege substantial tree death in this area. Id. at ¶ 4.

Finally, any contention by Plaintiff that Defendant should pay for Plaintiff's expert to accompany Defendant's experts to the WMA for the Gar Slough water-level gage installation (if permitted by this Court) is inappropriate. Essentially, Plaintiff would be requesting a sanction against Defendant, as there is no requirement in the rules for one party to pay for the other party's expert to attend the installation of water-level gages. As described in the Court's opinion, which was issued on November 16, 2006, certain limitations were attached to the order to compel, including: "the government . . . shall have permitted Arkansas Game's representatives or experts to accompany the government's agents or experts as they installed these instruments . . . ." (doc. no. 34) (emphasis added). The Court did not order that Plaintiff's representatives or experts must accompany Defendant's experts during the installation of water-level gages. Rather, the Court ordered Defendant to accommodate Plaintiff's interest, if any, in having its representatives or experts present during the installation of the gages. Thus, whether Plaintiff's representatives or experts accompany Defendant's experts during any installation of water-level gages is Plaintiff's choice – not a requirement. Therefore, Defendant should not be required to pay Plaintiff's expert to be present during any water-level gage installation.

For the foregoing reasons, Defendant respectfully requests the Court to grant its Motion to Request Permission to Move One Water-Level Gage on the Dave Donaldson-Black River Wildlife Management Area. Should the Court grant Defendant's motion, Defendant will file with the Court, and provide to Plaintiff, an updated WMA map and Global Positioning System ("GPS") chart indicating the locations of all the water-level gages after Defendant's experts have removed the water-level gage at Schaeffer's Eddy Landing and have placed that gage in Gar Slough.

Dated: December 1, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

s/ HelenAnne Listerman
HELENANNE LISTERMAN
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044
(202) 305-0239

Of Counsel:
Jennifer Dalton
United States Corps of Engineers
Little Rock District
Office of Counsel