**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ARKANSAS GAME & FISH COMMISSION** **PLAINTIFF**

**v.** **NO. 05-381L**
**JUDGE CHARLES F. LETTOW**

**THE UNITED STATES** **DEFENDANT**

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR MODIFICATION OF FACT DISCOVERY SCHEDULE**

Comes now the Arkansas Game & Fish Commission ("AGFC" or "the Commission"), through its undersigned attorneys, and submits this Response to Defendant's Motion for Modification of Fact Discovery Schedule.

Defendant contacted Plaintiff for the first time on April 4, 2007,[1] regarding its desire to take tree increment cores on the Dave Donaldson Black River Wildlife Management Area ("the WMA"). According to Defendant, its expert, Wayne Williams, intended to take core samples on the WMA in early May 2007. *See* Defendant's Memorandum of Law p. 2. On May 2, 2007, Defendant advised Plaintiff by letter that it intended to reschedule the tree coring work for the week of May 21, 2007 so that "tree coring can be performed from solid ground." *See* Defendant's Ex. C. Ultimately, however, Defendant did not attempt to take any core samples before the close of the fact discovery period on May 31, 2007.

The Court will recall that the parties came before this Court in October of 2006 upon Defendant's request for an extension of fact discovery, past the discovery deadline, to install piezometers on the WMA. After extensive briefing by the parties and a telephonic hearing with

[1] Page 1 of Defendant's Motion states that Defendant "has been in discussions with Plaintiff since April 4, 2006 regarding the desired tree core sampling . . . ." Plaintiff assumes this was a typographical error as Defendant's Exhibit A reflects the correct date of April 4, 2007 as the date Defendant first contacted Plaintiff regarding its desire to take tree increment cores on the WMA.

the Court, the Court granted Defendant a lengthy extension of the October 2, 2006, fact discovery deadline until May 31, 2007. Though this case has been pending since March 18, 2005, Defendant waited until April 4, 2007, less than two months before the close of fact discovery, to express any interest in taking tree core samples. Plaintiff had no objection to Defendant taking the tree cores at any time within the Court's fact discovery schedule. However, Plaintiff has indicated its opposition, both verbally and in writing, to an extension of fact discovery to take the tree corings (*see* Defendant's Ex. D.) and does now object to any further extension of fact discovery occasioned merely by Defendant's delayed interest and lack of action.

Plaintiff objects to Defendant's request for the following reasons: (1) Defendant created its own delay by waiting until just before the close of fact discovery to begin trying to take the tree core information; (2) the information has already been collected by Plaintiff's experts and is available for inspection by Defendant and its experts; and (3) the period for completing fact discovery already has been extended substantially to accommodate Defendant and an additional extension will cause further delay in preparing this case for trial.

First, unlike Defendant's previous request to take fact discovery past the discovery deadline (installation of piezometers) in which it argued that it did not realize it needed to install piezometers until the case had progressed, Defendant has known that this case was about tree damage and death since its inception. Defendant's experts should have known early in the case that tree core information may be useful. Perhaps Defendant's experts never suggested to Defendant that such information could prove relevant to the case. Regardless, Defendant certainly could have obtained this information in 2005, 2006 and even in 2007, according to forester Louis Hausman. *See* Affidavit of Louis Hausman attached as Exhibit A.

Mr. Hausman is a forester with the Plaintiff, and states that the tree cores could have been taken during April and May. *See* Exhibit A. Mr. Hausman explains that core samples are taken at 4.5 feet above ground level and that there have only been approximately two weeks where there was a potential for water levels on parts of the WMA to exceed 4.5 feet:

> It is a general forestry practice to take tree core samples at 4.5 feet above the ground level for dbh (diameter breast height). On or about May 3, 2007, the water level gauge at Black River started to climb due to excessive rainfall in the upper basin of the relevant watershed and began falling again on or about May 21, 2007. On April 24, 2007, and at various other times during April and May, specifically including the period after May 21, 2007, surface conditions were such that water present on the WMA ground surface was consistently below 4.5 feet in height, and in many locations was considerably lower, and tree core samples could have been collected safely throughout the WMA by Defendant's experts while wearing either hip boots or waders, except perhaps an aluminum boat would have been needed in a few low places.

*See* Ex. A, ¶¶ 4-6.

Additionally, Stephanie Daniel, Area Manager for the Dave Donaldson Black River WMA, also confirms that during April and May 2007 major areas of the WMA generally were accessible by four-wheeled ATVs or on foot with the use of proper equipment, such as hip boots or waders, but a small boat possibly may have been needed to access some low places. *See* Affidavit of Stephanie Daniel attached as Exhibit B, ¶ 4.

Defendant's experts have never actually attempted, at any time, to collect the tree core samples. Apparently, they have wanted assurance of "dry ground" conditions throughout the WMA. There is no guarantee, however, that the ground will dry to a point that is acceptable to Defendant's experts in the foreseeable future. There has been no need to wait for the ground to be dry. In reality, the cores could have been taken already and there is no need to delay the case further to accommodate Defendant's unnecessary parameters.

Second, Defendant claims it needs to study tree-ring patterns so that its experts may determine the growth and stress rates of the trees on the WMA over time. This information has already been collected by Plaintiff's experts in the form of tree cores, and raw data from that collection has been produced to Defendant. The actual tree cores collected by Plaintiff's experts have been made available for inspection, although, as of this date, Defendant has not yet inspected the actual tree cores. The information already exists, and additional corings are not likely to yield different results from those already in existence.

Third, fact discovery has already taken much longer to complete than originally contemplated. The original fact discovery deadline was scheduled for May 1, 2006. The Court has granted three extensions of this deadline. Two extensions (to September 1, 2006 and October 2, 2006) were granted upon joint motions of the parties; the third (to May 31, 2007) was granted upon motion of Defendant and over objection of Plaintiff. During the course of the lengthy fact discovery period, Defendant's experts could have taken tree cores, but Defendant procrastinated until almost the close of fact discovery to even announce interest in wanting to collect such cores. It is seeking a fourth extension of fact discovery to accommodate its own tardiness.

For the reasons set forth in this Response, Plaintiff respectfully urges the Court to deny Defendant's request to modify the fact discovery schedule so that expert discovery and final trial preparations by the parties can promptly proceed to completion.

Respectfully submitted

Date of Signing: June 8, 2007

By: /s/ Julie D. Greathouse
PERKINS & TROTTER, PLLC
P. O. Box 251618
Little Rock, AR 72225-1618
Telephone: (501) 603-9000
Telefax: (501) 603-0556

jgreathouse@perkinstrotter.com

Of Counsel

G. Alan Perkins
PERKINS & TROTTER, PLLC
Post Office Box 251618
Little Rock, AR 72225-1618
Telephone: (501) 603-9000
Telefax: (501) 603-0556
aperkins@perkinstrotter.com

James F. Goodhart
ARKANSAS GAME & FISH COMMISSION
#2 Natural Resources Drive
Little Rock, AR 72205
Telephone: (501) 223-6327
Telefax: (501) 223-6463
jfgoodhart@agfc.state.ar.us

*ATTORNEYS FOR PLAINTIFF*
ARKANSAS GAME & FISH COMMISSION

CERTIFICATE OF SERVICE

I certify that I have, on this 8th day of June 2007, served a copy of the foregoing document on the party hereto by electronic filing:

HelenAnne Listerman
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, DC 200044-0663

/s/ Julie D. Greathouse