**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARKANSAS GAME & FISH COMMISSION, Plaintiff, | ) | No. 05-381L |
| v. | ) | Judge Charles F. Lettow |
| THE UNITED STATES, Defendant. | ) | |

**UNITED STATES' MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Defendant, the United States of America, hereby submits this Motion for Modification of the Scheduling Order. Pursuant to the Court's December 5, 2007 Order, the United States is due to disclose its expert witnesses' reports on February 29, 2008. See Order, dated Dec. 5, 2007 (Doc. No. 50). As discussed below, Plaintiff has delayed in providing the United States information necessary to fully evaluate Plaintiff's expert reports. Plaintiff's delay in providing this information has hampered the United States' experts' ability to evaluate Plaintiffs' expert reports and finalize their own reports.

The United States, therefore, respectfully requests that the Court enter a modified scheduling order, which would provide that the United States disclose its expert witnesses' reports on April 11, 2008. Counsel for the United States attempted to contact Plaintiff's counsel regarding this Motion, but Plaintiff's counsel has not yet responded to the government's inquiry.

The following facts support the granting of this Motion:

1. On November 29, 2007, the parties submitted a Joint Motion for Modification of the Scheduling Order (Doc. 49). In that document, the parties informed the Court that Plaintiff had already disclosed its expert witnesses' reports. Id. at 2.

2. The Court entered a scheduling order on December 5, 2007 (Doc. No. 50). The Court's scheduling order required the United States to disclose its expert reports by February 29, 2008. Id.

3. One of Plaintiff's expert reports referred to, but did not include, certain information that had been collected by one of Plaintiff's experts on the subject property. On November 26, 2007, counsel for the United States asked Plaintiff's counsel to provide that information, as required by Rule 26(a)(2) of the Rules of the Court of Federal Claims. See Exs. 1, 3. On November 27, 2007, Plaintiff's counsel provided several pages of field notes in response to the government's request. See Ex. 2.

4. On November 30, 2007, the undersigned counsel asked Plaintiff's counsel whether Plaintiff had any other data that Plaintiff's experts had relied upon to support their conclusions. See Ex. 3.

5. On December 4, 2007, the undersigned counsel transmitted a letter to Plaintiff's counsel to confirm several emails that the parties had exchanged regarding the data underlying Plaintiff's expert reports. See Ex. 4.

6. On December 11, 2007, the undersigned counsel transmitted a second letter to Plaintiff's counsel regarding data underlying Plaintiff's expert reports. See Ex. 5. Among other issues, this letter was intended to ensure that the United States had all data supporting statements contained in Plaintiff's expert report regarding timber cruise data, that had apparently been gathered by one of Plaintiff's experts (Kingwood Forestry).

7. Plaintiff's counsel responded to the United States' letters on December 20, 2007. See Ex. 6. As noted in that letter, Plaintiff stated that it "received [tree] plot data from

Kingwood Forestry yesterday [i.e., December 19, 2007]." Id. at 2. Plaintiff made that data available to the United States for the first time on December 20, 2007, approximately one month after Plaintiff's expert reports were due.

8. On December 21, 2007, Plaintiff's counsel transmitted additional data upon which Plaintiff's experts had relied. See Ex. 7, 8. These data had not previously been provided to the United States.

9. On December 28, 2007, the undersigned counsel contacted Plaintiff's counsel to confirm receipt of the new data. See Ex. 9. Plaintiff's new data included maps, which purported to relate to the timber cruise data. However, Plaintiff failed to explain how the data related to the new maps. Without this information, it is impossible to ascertain the location on Plaintiff's property where the timber data were supposedly measured. The undersigned counsel informed Plaintiff's counsel that it was impossible to understand the new data without further information, and suggested that the parties' experts discuss the matter informally. See id.

10. On January 4, 2008, Plaintiff's counsel responded to the United States' inquiry. See Ex. 10. In its response, Plaintiff's counsel stated that it was not now possible to visit the site and identify the exact trees that Plaintiff's experts had investigated. In addition, Plaintiff's counsel stated that "the data can be correlated to the sampled areas but the actual plot locations cannot be recreated on the shape files for the reasons set forth above." Id.

11. On January 7, 2008, the undersigned counsel attempted to clarify Plaintiff's counsel statement by asking whether it was possible to "locate those plot locations on any set of maps." Ex. 11.

12. On January 8, 2008, Plaintiff's counsel replied, but declined to provide a

substantive response to the United States' question. See Exs. 12, 13.

13. On January 9, 2008, the undersigned counsel noticed the deposition of Plaintiff's expert witness to take place on January 23, 2008, in order to ascertain whether the United States had all the data underlying Plaintiff's expert reports. On January 11, 2008, Plaintiff's counsel responded that they would be unavailable on the date chosen. See Ex. 14.

14. On January 11, 2008, counsel for the United States suggested that the deposition take place on February 6 or 7, 2008. See Ex. 15. Plaintiff's counsel has not yet confirmed her availability for those dates.

As discussed above, Plaintiff transmitted data, which Plaintiff's expert witnesses had considered or generated in forming their opinions, to the United States approximately one month late. See RCFC 26(a)(2)(B) (requiring disclosure of a written report together with "the data or other information considered by the witness in forming the opinions"). In addition, Plaintiff's counsel has declined to provide certain information related to past timber inventories, which is an essential component of Plaintiff's expert reports. Without this information, it is impossible for the United States' experts to fully evaluate Plaintiff's expert reports. Plaintiff's counsel has rejected the government's attempts to obtain this information informally, thus necessitating a deposition of Plaintiff's experts.

The United States' experts have scheduled their calendars based on an assumption that Plaintiff would timely disclose their expert reports – on November 26, 2007. Plaintiff failed to timely disclose those reports. Plaintiff's delay in providing this information has made it impracticable for the United States' experts to finalize their expert reports by February 29, 2008. For the reasons stated above, the United States requests that the Court extend the date for the

United States to disclose its expert reports to April 11, 2008.

Dated: January 16, 2008

Respectfully submitted,

s/ William J. Shapiro
WILLIAM J. SHAPIRO
Environment and Natural Resources Division
Natural Resources Section
U.S. Department of Justice
501 I Street
Suite 9-700
Sacramento, CA 95814
(916) 930-2207 (phone)
(916) 930-2210 (fax)
william.shapiro@usdoj.gov

Of Counsel

Jennifer Dalton
United States Corps of Engineers
Little Rock District
Office of Counsel
700 West Capitol
Little Rock, Arkansas 72201
(501) 324-6180 (phone)
Jennifer.Dalton@sw102.usace.army.mil