**PERKINS & TROTTER, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY
*Attorneys and Counselors*

JULIE D. GREATHOUSE
jgreathouse@perkinstrotter.com

POST OFFICE BOX 251618
LITTLE ROCK, ARKANSAS 72225-1618
TEL 501-603-9000
FAX 501-603-0556
www.perkinstrotter.com

*Street Address*
1 Information Way, Suite 200
Little Rock, Arkansas 72202

December 20, 2007

*Via email*
William Shapiro
Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
501 I Street, Ste. 9-700
Sacramento, CA 95814

Re: *Arkansas Game & Fish Commission v. United States*; Ct. Fed. Cl., No. 05-381L

Counsel:

This letter is sent in response to your letters of December 4 and 11, 2007.

Response to letter of December 4, 2007:

With regard to your letter of December 4, 2007, I take issue with your numbered paragraph 2 that states "Any and all data used to support any analysis or conclusions in these reports is contained, or specifically identified by Bates Number, in the reports themselves without exception." Information relied upon by our experts has been identified, produced or made available for inspection and copying. For example, see response to numbered item 7 below.

As to paragraph 3 of your letter, I take issue with your recitation of certain statements made by Plaintiff. For instance, I provided information you requested related to Table 5. Your statement that "The only evidence of how this figure was generated, or what information this figure is based, is contained at page AGFC10697 of Dr. Heitmeyer's field notes." This is obviously not a statement made by me. This information is contained at AGFC10697 but may also be located at other places, such as on the gauge itself. Please note my objection to your characterizations of my communications. My emails to you speak for themselves.

With regard to the SUPER model data recently transmitted by Defendant, this information was both generated and provided after the end of fact discovery. Plaintiff inquired about this information in depositions and later requested information by letter. Your December 4, 2007, email to me seems to indicate that the data was not responsive to an earlier discovery request because the information was not requested in formal discovery. As I indicated to you, HelenAnne Listerman and I frequently exchanged information requested informally in order to facilitate a complete exchange of information. You continue to request information from me informally, and I am attempting to work with you in this manner.

GOVERNMENT EXHIBIT 6
CARDELS 800-783-0399

Response to letter of December 11, 2007:

Your assumption that "Plaintiff has no documents responsive to the above issues and that no such documents exist" is incorrect. All of the documents you mention with one exception (see paragraph 1 below) have already been provided or otherwise made available to Defendant. In an effort to ensure full disclosure has been made, Jim Goodhart and I reviewed Plaintiff's document productions, conferred with AGFC personnel, and contacted the Kingwood Forestry experts. The following is a response to the numbered items in your letter and the paragraphs that follow those numbered items:

1. I received plot data information from Kingwood Forestry yesterday. It is my understanding that this data would have been used to place plot locations on a map. Kingwood does not believe that it still has copies of the plot maps. The data recently acquired by Kingwood Forestry is available via our website, for a period of 24 hours, at the following hyperlink location:

   http://www.perkinstrotter.com/KingwoodShapeFiles.zip

   See also attached maps in pdf format numbered AGFC 10718 - 10724. In addition, Kingwood Forestry relied upon the USGS topographic maps for Peach Orchard and Reyno.

2. We have no documents responsive to this request.

3. The information from the handheld data recorders was produced in hard copy form on April 25, 2007 (See AGFC 9640 - 10319). I indicated in our phone conversation earlier today that Plaintiff had produced this information on a CD. That was incorrect. Although you have the hard copy information already, we will make that information available via our website, for a period of 24 hours, at the following hyperlink location:

   http://www.perkinstrotter.com/KingwoodRawData.zip

4. Kingwood Forestry is attempting to locate the codes from the version of the program used at the time the field work was performed. I will provide that information as soon as I receive it.

5. See Response to Item #1 above.

6. Information related to stand types and acreages is readily available in the Kingwood Forestry Services reports, see Appendix B.

7. For this item, the report cites to AGFC Hausman and Zachary, 1986 and AGFC, 1991. Those items appear as the second and sixth references listed on page 10 of the report. Those documents have been produced or made available for inspection at the AGFC office in Jonesboro, Arkansas, and at the AGFC legal office in Little Rock, Arkansas. AGFC, 1991 is a reference to "Prescription for 1992, Compartment 8" which refers to data collected in 1991 but is actually dated 1992. This document was produced by the Defendant to the Plaintiff at PL1352-1409. The Forest Habitat Analysis and Management Prescription for Compartment 4, described by Kingwood in its sixth reference on page 10 of the report, was produced by Plaintiff at AGFC 3452 - 3464. Defendant also provided the same document to Plaintiff at PL 589-598. As you may know, the documents beginning with the letters "PL" are documents Defendant copied from the Jonesboro office.

Your statement is incorrect that Defendant asked for documents related to 1998 inventories months ago and never received any supporting documents. Ms. Listerman and I had several conversations regarding the Defendant's assumption that all compartments on the WMA were inventoried in 1998. And, following those conversations, Plaintiff answered interrogatories and requests for admissions. (See Plaintiff's Response to Defendant's Requests for Admissions and Third Set of Interrogatories). This issue has been fully addressed by Plaintiff.

Most of the information you requested in your December 11, 2007, letter has already been provided to Defendant. To the extent you imply that Plaintiff has not been forthcoming with information, Plaintiff disputes that implication. We will continue to work to insure a full and complete exchange of information. Upon review of this information, please let me know whether we have satisfied your concerns.

Sincerely,

PERKINS & TROTTER, PLLC

Julie D. Greathouse

Julie D. Greathouse

JDG/scr

PDF document attached (AGFC 10718 - 10724)

cc: James F. Goodhart